## BELL *vs.* BARTLETT Adv.

In this State, a judgment for the defendant in replevin must be for the value of the chattels replevied, in damages, and not for a return of them.

The replevin bond prescribed by the statute does not extend to a judgment rendered on a review of the action.

DEBT upon a replevin bond, dated November 20, 1827, the condition of which was to prosecute the suit in replevin until the same was ended, and pay such costs and damages as the defendant in replevin might recover.

From a statement of facts it appeared, that at the date of the bond one Charles H. Brown instituted an action of replevin against one Benjamin Mathes, upon which the sheriff replevied sundry goods and chattels attached by Mathes,

and that Brown as principal, and the defendants intestate as surety, executed to the sheriff the bond in question.

Brown duly entered his suit at the term at which it was returnable, and at August term, 1829, upon the verdict of a jury, recovered judgment. On the 10th of May, 1830, Mathes, the defendant in replevin, sued out a writ of review, and at March term, 1833, judgment was rendered on the review in favor of said Mathes for $230, damages and his costs.

This suit was brought to enforce that judgment.

*T. Farrar*, for the defendant, contended, 1. That the condition of the bond was fulfilled by Brown when he had prosecuted his suit to a judgment in his favor. Being a judgment which entitled the party to an execution it was a final judgment, and an end of the cause within the meaning of the condition. *Co. Litt.* 289, *a ;* 3 *Black. Com.* 397 ; 5 *Dane* 220; 8 *Mass.* 147, *Arnold* vs. *Allen ;* 5 *N. H. R.* 362, *Whittemore* vs. *Jones ;* 1 *Pick.* 284, *Badlam* vs. *Tucker ; Carthew* 519, *Ormond* vs. *Bierly ;* 12 *Mod.* 380 ; 11 *Pick.* 143, *Hobart* vs. *Hilliard ;* 9 *Mass.* 239, *Bingham* vs. *Pepoon ;* 7 *ditto* 342, *Swett* vs. *Sullivan ; ditto* 25, *Ely* vs *Forward ;* 6 *Mass.* 57, *Larned* vs. *Bruce ;* 3 *N. H. R.* 501, *Smith* vs. *Clark ;* 2 *Mass.* 158, *Billerica* vs. *Carlisle ; N. H. Laws* 91, 94, 495. That the policy of the whole system of review was to leave the parties to the responsibility of each other, for the reason that the cause having been once tried, *prima facie* the right was settled. The review is called an " action of review," and a " new process."

2. That the judgment on the review should have been for a return of the goods—that a judgment for the value of the goods replevied, in damages, was not warranted by law —and that this action upon the bond could not be sustained for that reason. 1 *Wms. Saund.* 195, *a ;* 2 *Tidd's Pr.* 843 ; *ditto Prac. Forms* 191 ; 2 *Wils.* 117, *Cooper* vs.

*Sherbrooke; 6 Givil. Bac.* 85, *Replevin L; 1 Salk.* 95, *Pratt* vs. *Rutlidge; Carth.* 253; *D. & E.* 349, *Rees* vs. *Morgan.*

*James Bell,* for the plaintiff, argued that a judgment for damages and costs was a correct judgment under our laws —that a writ of review is a continuation of the suit, and the proceedings like a new trial—and that the judgment in review was therefore the end of the cause, and the bond a security for that judgment. *N. H. Laws* 62, 207; 6 *N. H. Rep.* 204, *Burley* vs. *Burley;* 4 *Mass.* 618, *Bruce* vs. *Lerned;* 1 *D. & E.* 388, *Wright* vs. *Nutt; Tidd's Pr.* 983; 1 *B. & P.* 410, *Gwillim* vs. *Holbrook;* 3 *Sel. N. P.* 1012; *Carth.* 248.

PARKER, J. Were it not that in this State a review and new trial of an action, in which an issue has been joined to the jury, is in ordinary cases a matter of right, there could be no question that the plaintiff in replevin had complied with the condition of the bond, when he had prosecuted the suit to a judgment on which execution might issue in his own favor.

The cause would clearly be ended, and the decision be considered a final judgment, notwithstanding the power of the court, upon a proper case being shown, within three years after, to grant the other party a new trial, on which judgment might be rendered against the party who prevailed on the first. Ended, and final, because the final process of the law had issued, and nothing farther could be done except upon a new application, and a special order of the court.

But notwithstanding the law authorizing a review, as a matter of right, in certain cases, the judgment in the first instance upon which execution may issue is usually regarded as the end of the cause—as a final judgment—and the review as a new action, in which the merits of the former may be again tried.

It is called an ' action' of review in the statutes : and the security taken in the first instance, for the purpose of enforcing the judgment which may be rendered, has thus far been held to be discharged by the rendition of judgment in the original suit.

Thus property attached upon the original writ is released by a judgment in favor of the defendant, or by a neglect of the plaintiff for thirty days after a judgment in his favor to levy upon it ; and in either case no claim can be made upon the sheriff, or any one who may have received it from him and receipted for it, to have it forthcoming to be applied in satisfaction of a judgment rendered on review.

So bail who become answerable that the principal defendant shall abide and not avoid, are discharged by a judgment in favor of the principal in the original action.

And the endorser of a writ, who is surety for the costs which the defendant may recover, if judgment is rendered for the plaintiff in the first instance, is no longer holden for the costs, notwithstanding the defendant upon review may recover the costs to which he was subjected prior to the first judgment.

From these analogies it would seem to admit of no doubt that the sureties in a replevin bond must be discharged by a judgment for the plaintiff in replevin, and not responsible for any judgment which may be recovered against him on review, unless there is something in the nature of the proceedings in that action to vary their liability from that of sureties in ordinary cases.

The policy of the law seems to be to leave the parties to the responsibility of each other for the satisfaction of the judgment on review—for the writ of review is a writ of summons, and no security is taken or can be required of either party upon it.

If a judgment for the defendant in replevin on a review cannot be executed by the ordinary process of an execution, or by some other final process—if there is no mode of exe-

cuting it but by the replevin bond, the legislature, having authorized such action to be reviewed, must have intended that the bond should be operative for the enforcement of the rights of the defendant in replevin, in the same manner it would have been in the original action ; but as it contains nothing in express terms to show that it is so to be construed, we shall not be justified in making it an exception to the general rule, unless it appears that the judgment in replevin can in no way be executed but by means of the bond. We are thus led to a consideration of the nature of the judgment which must be rendered in an action of replevin.

By the common law the sheriff, on executing a writ of replevin, took only pledges to prosecute, as in other actions ; and if the defendant had judgment for a return, and the sheriff upon the *retorno habendo* returned *elongata*, the defendant might have a writ of *withernam* against the plaintiff's beasts. *Gilbert on Distresses and Replevin* 92—95.

But the defendant frequently had no benefit from a judgment in his favor for a return of the beasts, because the plaintiff in replevin had sold the cattle delivered to him, and become insolvent.

To remedy this and other inconveniences, the statute of *West.* 2, *c.* 2, directed the sheriff to take not only pledges for prosecuting, but also for a return of the beasts, if a return should be adjudged. *Gilb.* 65.

After judgment, the method of proceeding upon the statute was, that if the sheriff by the writ *de retorno habendo* could not find the original distress, but returned *elongata*, a *scire facias* issued against the pledges.

If the pledges could not show cause, then the defendant had a writ to have a return of the beasts of the pledges instead of the plaintiff.

If the pledges proved insufficient, and the sheriff could find none of their cattle, the sheriff himself by the act became liable, and the defendant might have a *scire facias*

against him that he render to him so many cattle, or an action on the case for omitting to take pledges, or taking such as were insufficient. And where the pledges had nothing, the defendant might also have a *withernam* against the plaintiff's beasts. *Gilb.* 177—180.

Taking bond instead of pledges is said to have been ancient usage, but its legality not decided. 1 *Ld. Raym.* 278, *Blackett* vs. *Crissop.* The condition of the bond was, not only that the plaintiff should prosecute the suit in replevin, but also that he should make return of the beasts, if return thereof be adjudged by law, and also to save harmless and indemnify the sheriff for the delivery of the beasts.

By the 17 *Car.* 2 *c.* 7, it was enacted, that " wherever " the plaintiff in replevin, upon a distress *for rent*, shall be " nonsuit before issue joined, in any court of record, the de- " fendant making a suggestion, in the nature of an avowry or " cognizance for the rent in arrear, to ascertain the cause of " the distress,—the court, upon his prayer, shall award a " writ to the sheriff to enquire of the sum in arrear, and the " value of the goods or cattle distrained. And that, upon " the return of such inquisition, the defendant shall have " judgment to recover against the plaintiff the arrearages of " rent, in case the goods or cattle distrained shall amount " unto that value ; and in case they shall not amount to " that value, then so much as the value of the goods or cattle " distrained shall amount unto, with full costs of suit ; and " shall have execution for the same by *fieri facias, elegit,* " or otherwise. And by the same statute, the like proceed- " ing may be had, where judgment is given for the avow- " ant, or for him that maketh cognizance for any kind of " rent." *Gilb.* 163.

Upon this statute it hath been held that a judgment for a return, also, was proper, and that, although a writ *de retorno habendo* was awarded, the avowant had his election to sue out a writ of enquiry for his damages ; and Bathurst, J. said,

the legislature intended that the proceeding by *writ of en-quiry*, *fieri facias*, and *elegit*, should be final for the avow-ant to recover his damages, and that the plaintiff was to keep his cattle, notwithstanding the course of awarding a writ *de retorno habendo*, which is a right judgment; for the statute hath not altered the judgment at common law, but only gives a further remedy to the avowant. 2 *Wils. Rep.* 116, *Cooper* vs. *Sherbrooke*. And by a statute 11 *Geo. II.* *c.* 19, it is provided that the sheriff on replevin of a distress for rent shall take a bond with a condition for a return.

The common law process of *withernam*, or the English practice of *scire facias* against the pledges to procure a writ for a return of their beasts, probably never prevailed either in the Province or State of New-Hampshire.

A Massachusetts colony law of 1641 provided " that every " man shall have liberty to replevy his cattle or goods im- " pounded, distrained, seized or extended, unless it be upon " execution after judgment, and in payment of fines; pro- " vided he put in good security to prosecute the replevin, " and to satisfy such demand as his adversary shall recover " against him in law." *Charters and Colony Laws* 184.

The terms of the security are not specified.

A province law of 1698, provided that the owner or claimer of creatures impounded might replevy them, giving sufficient bond with one or more sureties, to prosecute the replevin with effect in law, " and to pay all such costs and damages as shall be awarded against him." *Charters, &c.* 309.

In 1701, the Assembly of New-Hampshire passed an act to prevent impounding cattle wrongfully, in which it was provided, that " any person that apprehended himself " wronged, by his cattle, or other creatures being impound- " ed, shall have liberty to replieve them out of pound; " provided, he or they give good security to prosecute his " replieven to effect, and to pay all costs and damage that " shall be recovered against him." *N. H. Prov. Laws* 10.

An act of 1718, for providing of pounds, &c., contained a similar provision. *N. H. Prov. Laws* 78.

These are all the provincial statutes on the subject of replevin, except that which enacted the form of the "writ of replevin." It is found in a general act of 1718, "prescribing the forms of writs in civil causes," and commands the sheriff, &c., to replevie, &c., now distrained or impounded, &c., provided the plaintiff give bond, with sufficient surety or sureties, to prosecute his replevin until the cause be ended, "and to pay such cost and damages as the said D. K. shall "recover against him." *Prov. Laws* 118.

It does not appear by the form that any declaration was intended to be inserted in the writ.

The acts of 1701, and 1718, relative to replevin of creatures impounded, certainly do not provide in terms that there shall be any security for a return of the creatures replevied, but only for a prosecution of the suit and the payment of damages and cost—nor was any return necessary to effect the purposes of justice. The creatures were impounded for the purpose of recovering the damage sustained; and if the owner took them into his possession, and gave bond to pay such damages and costs as should be awarded against him, this secured the whole matter without any provision for a return of the beasts; and it must have been intended that if he did not prevail in the suit, all the damage for which he was properly accountable should be assessed in that suit, and be secured by the bond, instead of the security before had by the seizure of the cattle.

His damages were all the defendant ought to have, even if the cattle were returned to him.

The provision of the acts of 1701, and 1718, therefore, would seem to have been adopted from the statute of Car. 2, relative to replevin of a distress for rent, or from the Massachusetts colony law of 1698, and with a view to give the party impounding his remedy for damages at once, without

pursuing the English process of *retorno habendo*, either by *withernam*, or *scire facias* against the pledges to have their beasts. And the form of the writ of replevin prescribed by the act of 1718 was doubtless drawn with reference to the acts respecting impounding, and perhaps also to the Massachusetts colony law of 1641, which was passed about the time when jurisdiction of the settlements then within the limits of this State was resigned to the Massachusetts colony.

The Massachusetts provincial act of 1720, establishing the form of a writ of replevin, provided for the insertion of a declaration, but was in other respects substantially like that of New-Hampshire. Upon this Mr. Dane remarks—" It will " be observed that this replevin bond did not provide for a " return, yet before these acts were revised in 1789 our " replevin bond in practice provided for a return."

The legislature of Massachusetts in 1789 passed a general statute relating to replevin, providing for a bond to prosecute the replevin to final judgment, pay such damages and costs as the defendant should recover, and also to return the property in case such should be the final judgment.

The second section enacted that if from the defendant's plea it appeared that the cattle were taken and impounded, damage feasant, or for the recovery of a penalty incurred for their being found going at large, &c., judgment should instead of a return of the cattle, be rendered for the defendant in replevin to recover reasonable damages and costs. But when from the matter of the plea of the defendant in replevin, damages, with propriety, could not be assessed, or it appeared that a restoration of the property replevied was the best recompense the parties could have, judgment was to be rendered for a return *impleviable*, and costs. This statute also provided for a writ of *withernam*. 5 *Dane* 517—520.

No statute of a similar character has ever been adopted in this State.

Our statute of February 9, 1791, regulating pounds, which is still in force, provides, like the provincial act, that the owner may replevin, giving sufficient bond, with good sureties, to prosecute his replevin, and pay all such damages, costs, and charges, as shall be awarded against him. *N. H. Laws* 207.

And the general statute prescribing the forms of writs in civil causes, passed February 11, 1791, and also still a part of the existing laws, is substantially like the province form, except that it directs the defendant to be summoned, and contains a blank for a declaration.

These were the only provisions relating to replevin in our statutes until the act of June 30, 1825, enacting that when any goods or chattels shall be taken, distrained, or attached, upon any writ of mesne process, which shall be claimed by any third person, such person may replevy the same ; and said action of replevin may be prosecuted to final judgment and execution " in the same form and manner as is provided " to the owner of creatures impounded by an act entitled an " act regulating pounds passed February 9, 1791, and in the " same form and manner as said action of replevin has been " heretofore prosecuted in this State." *N. H. Laws* 379.

It was under this statute that the action was brought in which this bond was given.

It has been usual in actions of replevin, generally, to enter up judgment for a return, according to the English practice. This, however, has not been the uniform course, and if it is not justified by the statute prescribing the form of writs nor secured by the bond which that statute and the statute relative to impounding authorize and direct to be taken, it would be giving too great a latitude to the last clause of the act of 1825 to construe it as authorizing a change of the form of the writ, of the provision of the bond, and of the judgment which previous laws required to be rendered.

All that this clause intended, was, that writs of replevin might be issued for goods and chattels attached on mesne

Bell<br><i>vs.</i><br>Bartlett.

process, as had been done in many instances before the decision of *Smith* vs. *Huntington*, 3 *N. H. R.* 78, in which it was held that replevin did not lie for goods taken on mesne process, which decision caused the statute of 1825 to be enacted.

The question then is, what judgment is proper to be rendered in an action of replevin for creatures impounded? for the action of replevin for goods attached is to be prosecuted to final judgment and execution in the same form and manner.

The history of the legislation upon this subject furnishes strong evidence to show that a judgment for damages, such as the party was entitled to, was intended, instead of judgment for a return.

There is no sentence which speaks of a return in our statutes.

The statute regulating pounds makes no provision for the disposition of the beasts upon a return, although it does if the owner neglects to replevy.

The form of the writ prescribed for replevin must have been intended as a general form for all cases in which such action would lie,—and by what authority can we change the form thus enacted by statute?

If we cannot, the sheriff is by that writ commanded to replevy upon certain security being made. The enactment of the form of the writ is equivalent to a direct enactment that the sheriff shall replevy upon such bond being given. 5 *Pick.* 227, *Purple* vs. *Purple.*

How can we change, materially, the provisions of this security, or hold that he shall not replevy until a bond with different provisions is executed? And if we cannot do this, with what propriety can we decide that the plaintiff in replevin, and his sureties, have undertaken to return the goods, when no stipulation of that character is contained in their obligation?

If we can do none of these, what mode has the defendant in replevin of enforcing a judgment for a return? A writ of *withernam* is unknown among us. A *scire facias* against the sureties to have their beasts, instead of those replevied, equally so. And an attachment for contempt on account of noncompliance with final judgment is contrary to the whole general course of our legal proceedings, which, ordinarily, provide for a writ of execution. It is evident then that the mode of enforcing a judgment in replevin according to the common law, or the provisions of the statute of *West.* 2, has never been adopted in this State.

Probably the general practice to enter up judgment for a return has been upon a supposition that the bond to be taken like that in the English usage, secured a return, but this mode of entering judgment has not been universal—the statute does not require such stipulation—and it is not known that any general practice of inserting it as a part of the condition has ever prevailed.

The fact that some of the earlier judgments were for damages, without a return, confirms the supposition that a judgment such as is indicated by the form of the writ is the proper judgment.

Such was the judgment in *Grimes* vs. *Beverstock, Cheshire, May term*, 1795, which was replevin for a cow, and judgment for the defendant for $20,00 damages, no return being specified. And in *Robinson* vs. *Pickering, Rockingham, April term,* 1789, judgment was also rendered for the defendant for damages and costs, without any return.

Again—if we hold that judgment for a return is the proper judgment, we must, in addition to giving to the writ or bond a construction different from the import of the language, also hold that the bond extends to a judgment rendered on review, and thus make this an exception to the general rule relative to security taken upon the original process; and this from the necessity of the case, in order to execute that judgment. But this would evidently introduce inconvenience, for the

plaintiff in replevin, notwithstanding he has obtained a judgment, must keep the goods a year, in order to have them ready in case the defendant should review. If he did not, the judgment in the end would be a judgment for damages in a suit on the bond, and thus be no better than a judgment for damages in the first instance.

It can be no objection to this construction, that if the defendant in replevin prevail he must take a judgment for damages, instead of having judgment for a return of the goods which had been taken from him. This is no more than he would be subjected to if the judgment was for a return, and the plaintiff in replevin saw fit to withhold the goods. The defendant's remedy in such case must be upon his bond, in which he would recover not the goods themselves but their value in damages; and it is quite as well that he should have this judgment for damages at once, without being put to the expense of another suit.

The plaintiff in replevin, who has wrongfully sued out the process, cannot complain that he is required to pay the value, instead of having the privilege of returning them again to the defendant.

In the case of an attachment by a sheriff, and a replevin by a third person, it may be said that if the original suit against the supposed debtor fail, and he be the owner, he ought to have the goods attached again. Perhaps he may accomplish this by a replevin against the plaintiff in the first replevin, for being no party to that suit he cannot be bound by it. *5 Mass.* 280.

But if he cannot recover the possession in this way he is subjected to no greater hardship than any individual whose property is taken and converted wrongfully. He can have judgment for the value, in damages; and did the statute provide for a return, and a bond to that effect, it would give no perfect assurance that he would recover the possession of the goods. The statute therefore gives him as complete a remedy as is usually given in a case of tortious conversion—

as complete as he would have if the sheriff himself should convert the goods after an attachment.

The creditor in a case of attachment has no interest except that the value of the goods attached should be applied to the payment of his demand, on the recovery of a judgment; and this will often be more effectually done by the officer having a judgment and execution at once, for the value, than by a return of the goods, and a sale of them afterwards on execution; or by the officer having to prosecute a suit upon the replevin bond in default of a return.

The officer is a mere trustee for the monies recovered in damages, as he would be if recovered on the replevin bond— answerable to the creditor on his judgment to the amount of that, and to the debtor for the surplus, after deducting his legal charges.    12 *Mass.* 411, *Mattoon* vs. *Pierce ;* 8 *Mass.* 145, *Arnold* vs. *Bailey.*

If, however, it is desirable that there should be judgment for a return in any case, the legislature can easily provide for such judgment, and the mode of enforcing it.

The result of our examination is, that a judgment for damages, and not for a return, is the proper judgment, when replevin lies in this State, and of course, as this may be executed by a writ of execution in common form, the replevin bond does not extend to a judgment on review, but the security of that judgment is left, like others, to the responsibility of the party.

*Judgment for the defendant.*