## BUCKMINSTER *vs.* APPLEBEE and al.

In arrest *on mesne process*, a return of the arrest, and of a rescue, is a good return ; though it is different in arrest on *execution*, as in such case the officer is bound to call to his aid the *posse comitatus.*

The officer's return of a rescue is conclusive evidence of such fact.

The officer is also a competent witness in an action for damage arising from the rescue, to show by whom it was committed.

THIS was an action on the case, alleging that one John H. Tyler, being indebted to the plaintiff in a large sum, sued out a writ, and delivered the same to William M. Smith, a deputy sheriff : that said Smith, on the 12th of October, 1835, for want of goods and estate, arrested the body of said Tyler, and had him in custody, and that the defendants rescued said Tyler from the custody of said Smith, by reason of which he went at large, and the plaintiff lost his debt.

The defendants plead severally the general issue.

On the trial, the plaintiff offered the testimony of said Smith, to prove the arrest and rescue, as stated in the declaration. The defendants objected to the witness, on account of his interest in the event of the suit, by reason of his having made the arrest ; but the court overruled the objection. There was also in the case the return of said Smith upon the writ in favor of the plaintiff against said Tyler, that he had arrested said Tyler, and that he was rescued from him by a mob of seven or eight persons.

The jury returned a verdict against two of the defendants, and in favor of the third, for whom judgment was subsequently rendered ; and motion was made to set aside the verdict as to the other defendants, on account of the admission of the said Smith as a witness.

*Woods,* for the defendants, contended that the sheriff was

improperly admitted to testify, because the tendency of his testimony would be to shield him from his negligence in suffering an escape ; and cited 16 *Johns.* 89, *Marquand* vs. *Webb*, as containing the true rule relative to the admissibility of a witness objected to on account of interest, viz. "that ' whenever a fact is to be proved by a witness, and such fact ' be favorable to the party calling him, and the witness will ' derive a certain advantage from establishing the fact, he ' cannot be heard, whether the benefit be great or small." He cited, also, 5 *D. & E.* 578, *Buckland* vs. *Tankard*, and 2 *Day* 379, *Owen* vs. *Mann*, to the point of inadmissibility of the witness on account of interest.

He also contended that the same rule applied in this case as in claims against a master for damage arising from the negligence of a servant, in which cases the servant is not permitted to testify ; and cited 1 *Camp.* 251, *Miller* vs. *Falconer*, and 1 *Holt* 137, *Givens & al* vs. *Mainwaring.*

*Fletcher*, for the plaintiff, as to liability of the sheriff in case of rescue on *mesne process*, and effect of his return, cited *Cro. Jac.* 419 ; *Cro. Eliz.* 815 ; 4 *Co.* 84 ; 1 *Strange* 429 ; 1 *Rolle R.* 388 ; 10 *Mass.* 207, *Cargill* vs. *Taylor ;* 2 *Pick.* 304, *Griffin* vs. *Brown.*

UPHAM, J., delivered the opinion of the court.

There is a difference betwixt an arrest on *mesne process* and on execution. If a defendant, after arrest on *mesne process*, and before commitment, is rescued, the only remedy which the plaintiff has, is by an action against the rescuers. A return of an arrest on *mesne process*, and of a rescue, is, therefore, a good return. But such a return *on execution* would not protect the sheriff from an action, because in such case it is his duty to raise *the posse* to aid him, which he is not required to do in service of *mesne process.* 6 *Com. Dig., Rescous, D*, 2 *and* 4 ; 3 *Lev.* 46, *Gorges* vs. *Gore ;* 8 *D. & E.* 127, *Bently* vs. *Donelly ;* 10 *Mass.* 207, *Car-*

gill vs. *Taylor ; 2 Pick.* 304, *Griffin* vs. *Brown ; 2 Wheaton's Selwyn* 931 ; 2 *Chit. Pl.* 297.

The return of a rescue in this case was, then, properly made ; and the question arises as to its effect in evidence. The sheriff's return of a rescue was formerly holden of itself as a conviction of the offence ; and process of attachment immediately issued from the court against the rescuer, and he was not permitted to traverse the return. 6 *Com. Dig. Rescous, D,* 4 ; *Yel.* 34, *Arundel* vs. *Arundel ;* 12 *Mod.* 247 ; 4 *Burr.* 2129, *Rex* vs. *Elkin ;* 1 *Holt* 537, *Fermor* vs. *Phillips.*

In this case, the officer returns merely a rescue of the debtor from him by a mob of seven or eight persons, without naming the individuals who were guilty of the offence. The return, so far as it goes, is conclusive evidence of the rescue, 6 *Com. Dig.* 242, *Return, G ;* but it furnishes no evidence that the defendants were guilty of the offence. To show this fact, the officer was introduced as a witness, and testified in the case, though objected to on the ground of interest in the event of the suit.

It seems clear that no right of the officer can be settled by this action, to which he is a stranger. A judgment *against the plaintiff* in this case cannot be used by the plaintiff in a subsequent suit brought against the officer for an escape, for the purpose of proving that there was *no rescue,* because the officer is no party to this action ; and a verdict *in favor of the plaintiff* in this case could not be used by the officer to prove there *was a rescue,* as a verdict cannot be evidence for a man, where an opposite verdict would not be evidence against him. 1 *Stark. Ev.* 195.

The interest, therefore, is not such as to exclude the witness. He is not interested in the event of the suit, so as to gain or lose by the same ; neither is he interested in the record as a means of evidence.

It is said, however, that a recovery against these defendants, and payment, would be a bar to a suit by the plaintiff

against the officer.   4 *Bac. Ab.* 399, *Rescous, C ; Cro. Car.* 109.   But it is often the case that a witness is placed in a similar situation, where such a result will not debar him from testifying.

Buckminster<br>*vs.*<br>Applebee & al.

The exception goes to the credit of the witness merely. He is not excluded unless he is to gain or lose by the event of the suit, or the verdict will be evidence for or against him ; and this gain or loss must be a direct gain or loss, and not an indirect one.   Were a different rule to prevail, the officer would seem to be admissible as a witness in case of rescue, from necessity.

The cases cited, as to the liability of master and servant, and the incompetency of the servant to testify where the case depends on a question of the servant's negligence, differ essentially from this case.

We are of opinion the witness was properly admitted, and there must be

*Judgment on the verdict against the defendants.*