# REPORTS.

## ROCKINGHAM,

### JULY TERM, A. D. 1855.

## MESSER *v.* BAILEY.

As between the parties to a suit and those claiming under them as privies, and all others whose rights and liabilities are dependant upon the suit, the return of a sheriff of matters material to be returned, is so far conclusive evidence, that it cannot be contradicted for the purpose of invalidating the officer's proceedings, or defeating any rights acquired under them.

The return of a sheriff is not conclusive as to third persons, whose interests are not connected with the suit, nor as to collateral facts, or matters not necessary and material to be returned.

To make the return of a sheriff competent evidence for himself, it must appear that it was his official duty to perform the acts set forth in the return, and that it was obligatory upon him, as such sheriff, to do the acts and make the return.

Where a sheriff, in his return on a writ of attachment, set forth that having attached certain property mortgaged, he made a demand of the mortgagee for an account of the debt secured by his mortgage, and that no account being given him, pursuant to his demand, he retained the property, &c., and the mortgagee brought an action of replevin against the sheriff, and took the property—*held*, that the return was not evidence for the sheriff that a legal demand for an account, under the statute, had been made upon the mortgagee, and that he had neglected to give the account.

In replevin, if the plaintiff recovers, he is entitled to damages for the caption and detention only; but if a verdict be found for the defendant, he recovers the value of the property.

REPLEVIN, for one yoke of oxen, two cows, and various articles of goods and chattels, of the value of one thousand dollars, property of the plaintiff, alleged to have been taken by the defendant, on the 27th day of January, 1851, at Salem, in this county, on the premises formerly occupied by John L. Clendenin.

The defendant, in his pleading, set forth that the plaintiff ought not to have and maintain his action against him, " because the defendant says that he, at the time of the taking of said cattle, goods and chattels, alleged in said declaration, and for a long time before was, ever since has been, and still is a deputy sheriff of said county; that on the 25th day of January, A. D. 1851, a writ of mesne process and attachment, issued out of the clerk's office of the court of common pleas for the county of Rockingham aforesaid, in due form of law, in an action wherein John S. Edgerly and Daniel Edgerly, both of Boston, in the county of Suffolk, and Commonwealth of Massachusetts, merchants and partners, under the firm of John S. Edgerly and company, were plaintiffs, and John L. Clendenin of Salem, in said county of Rockingham, was defendant, and was delivered to this defendant for service, said writ being returnable to the said court of common pleas, on the second Tuesday of February, A. D. 1851, and this defendant, by virtue of said writ, on the 27th day of January, A. D. 1851, at Salem aforesaid, did attach and take the said cattle, goods and chattels hereinbefore particularly enumerated, as and for the property, goods and chattels of the said Clendenin, the same being the said Clendenin's cattle, goods and chattels, and liable to attachment, and the debts and demands described in said writ of mesne process and attachment, being just debts then and still due and owing from said Clendenin to said John S. Edgerly and company, named in said writ, and held the same by virtue of said attachment, until they were replevined upon the writ in this action, as well he might, &c."

To this the plaintiff pleaded that he ought not to be pre-

Messer v. Bailey.

cluded from having and maintaining his action aforesaid, against the said defendant, because that, at the time of the taking of the oxen, cows, goods and chattels, as alleged in the plaintiff's said writ and declaration, the property of the same was in him, the plaintiff, in manner and form as he, by his declaration, had alleged; and upon this question of property, he tendered an issue, which was joined by the defendant.

There were other pleadings in the case, but the trial was had upon the issue as above stated.

To prove his title to the property in question, the plaintiff introduced a mortgage from Clendenin to himself, duly executed and recorded, to secure a note for $912, dated September 16, 1850, on demand, with interest; also a note for $600, dated October 2, 1850, payable on demand, with interest, and proved that the notes were given for a good and valid consideration. Upon the $600 note was endorsed, October 19, 1850, $300, and October 28, 1850, $91.

As an answer to the mortgage, the defendant alleged that a demand was made upon the mortgagee, under the statute, for an account, and that no account was rendered; or, if any, that it was false and insufficient.

To prove a demand, the defendant offered the return of himself, as deputy sheriff, who served the writ of Edgerly and company, against Clendenin, made upon said writ, substantially as follows: Rockingham, ss., January 27, 1851. I attached, as the property of the within named John L. Clendenin, two pairs of oxen, two cows, &c., the same being said to be subject to a mortgage to one John A. Messer, "and on the same day I demanded of said Messer an account, on oath, of the amount due upon the debt or demand secured by said mortgage;" and I have summoned the within named John L. Clendenin, as within commanded, by leaving at his last and usual place of abode an attested copy of this writ.

"Rockingham, ss., February 13, 1851. I further return

that no account being rendered to me, pursuant to my said demand, as set forth in my return aforesaid, I retained said property in my custody, until the 8th day of February, 1851, on which day the said John A. Messer gave to me, as and for an account, on oath, a paper as follows, to wit:

" ' I, John A Messer, of Salem, in the county of Rockingham, and State of New Hampshire, on oath, declare that I hold a mortgage on certain personal property of John L. Clendenin, Esq., of said Salem, a copy of which mortgage, and schedule of said mortgaged property, is hereunto annexed, and I further declare that there is now due me, on the demands secured by the aforesaid mortgage, the sum of twelve hundred dollars.

'JOHN A. MESSER.

' State of New Hampshire, Rockingham, ss, February 8, 1851. Subscribed and sworn to before me,

' JOHN C. EWINS, Justice of the Peace.'

" With no copy of any mortgage or other paper annexed thereto. Whereupon, no account being given to me, pursuant to said demand, I still retain said property under said attachment.

" MOORES BAILEY, Deputy Sheriff."

The defendant also produced a paper, corresponding in all respects with that embraced in his return. He then called John C. Ewins, who testified that the plaintiff came before him, on the 8th day of February, 1851, and made oath to the paper, and that no mortgage, copy or schedule was then annexed to it, and that no oath was administered afterwards.

The plaintiff offered no evidence that he rendered any account, and contended that there was no competent evidence of a demand; but in case the court should hold otherwise, he relied upon the return to prove that an account was furnished.

The case was taken from the jury, by the consent of the parties, such judgment to be rendered as this court should direct; or a new trial to be had, if the court should so order; and if, in the opinion of the court, the defendant was entitled to a judgment for the value of the property, his damages were to be assessed by an auditor. The plaintiff claimed only nominal damages.

Some questions were claimed upon the pleadings, but they are not material to be stated here.

*Marston* and *Bell*, for the plaintiff.

The main questions are, 1. Is the return of the officer competent evidence to prove a demand on the mortgage? 2. If competent, does it show a legal demand?

If either question is answered in the negative, the plaintiff asks the court to render judgment for him, according to the agreement in the case, for there is no pretence that other evidence of a demand exists.

1. The rule of law is, that the return of an officer, as to all matters material to be returned, is conclusive evidence thereof. *Brown* v. *Davis*, 9 N. H. Rep. 76.

But as to collateral matters, not material to be returned, it is inadmissible in evidence. What things are material to be returned? We answer, only those things which are material to be done, and are done by the officer in his official capacity. These things are ordinarily prescribed in the process, and by the statutes, as the duty of the officer, as such. Other things not so prescribed, are done by officers, of which no mention is made by the officers in their returns, such as the taking of receipts for goods attached, &c.

If the officer thinks fit to incorporate into his return matters which he does, but not in his official capacity, they are not received as evidence. He cannot, in that way, make evidence for himself, or conclude the rights of others. Nor could any action be brought against him for such a return, if false.

Messer *v.* Bailey.

An officer who makes a demand upon a mortgagee, under ch. 184, § 16, of the Rev. Stat., does it not in his official capacity. He is not compellable to do it, on tender of fees; he is liable to no action if he refuses; nor does the consideration of his official bond cover such a case. But he does it, if at all, as a mere agent of the creditor, to decide whether or not it is worth while to pay the mortgage debt.

Often, it might be inconvenient for the creditor to make the demand in person; so the statute points out an authorized agent whom he may substitute.

It is no part of the officer's duty, else he must do it whenever requested. It is not material to be returned, else it should be returned, whoever makes the demand.

If it be necessary that the officer should make a return, he must return every thing on the subject—the account rendered and his action thereupon. He might be obliged to return, in certain cases, that the mortgagee made a *false* account, and so he retained the goods attached.

But can an officer thus fabricate evidence which is *conclusive* of the rights of parties? It will be a very singular power to put into his hands.

2. But even if the return were admissible, it does not show a legal demand.

It has been held in *Farr* v. *Dudley*, 1 Foster's Rep. 372, (a case involving the same questions, as to real estate,) that the demand must state explicitly the day up to which an account is called for; otherwise no statement need be made, and of course the mortgage remains unimpaired.

The return here does not give the form of the demand, nor the time up to which the account was requested. And in a case where the security or loss of a mortgage debt is made to depend on so arbitrary and technical a proceeding, no intendments will be made by the court to supply any defects in the officer's proceedings.

*French* and *Bartlett*, for the defendant.

1. The officer's return, that he made a demand, is competent evidence of that fact. Having made a demand, his return of the fact was in the regular discharge of his official duty. *Angier* v. *Ash*, 6 Foster's Rep. 99; *Bailey* v. *Kimball*, 6 Foster's Rep. 353; Comp. Stat. 470, § 9; *Kendall* v. *White*, 13 Maine Rep. 245.

The form of return is that in common use. Bell's Justice and Sheriff 61, 208.

2. The demand for an account being proved, there is no evidence that any account was rendered conformable to law.

Without the return, there is no evidence of any account rendered, and so the defendant rightfully retained the property. But if the return be taken as evidence that any account was rendered, it is evidence what that account was, and the account was insufficient.

First, because it was imperfect and unintelligible, purporting to refer to a paper annexed, when no paper was annexed. The presumption of law is, that no schedule was annexed, unless it appears as part of the instrument. *Belknap* v. *Wendell*, 1 Foster's Rep. 183. A schedule, referred to in a mortgage, must be recorded equally with a mortgage. And if it is attempted to show actual notice, it must be shown as well of the schedule as of the mortgage. *Sawyer* v. *Pennell*, 1 App. Rep. 167. The officer's return, on this point, is confirmed by Ewins, the magistrate.

Secondly, because it was a false account, the amount being overstated, and so, by the statute already cited, operated to discharge his lien, as to our attachment.

The balance due on the first note, Feb. 8, 1851,       $933 58
    "           "      second  "      "                 214 70
                                                      ———————
                                                      $1148 28

Being an overstatement of $51 72.

This was an essential error, and the creditor had no means of correcting it..

The very object of the statute was to enable the creditor

to ascertain, and, if he please, pay or tender to the mortga-
gee the amount due him.    Comp. Stat. 470, § 8; *Angier* v.
*Ash*, 6 Foster's Rep. 108–9.

   We say, further, that we are entitled to costs for the plain-
tiff's error in pleading.


   EASTMAN, J.    This cause having been taken from the
jury, by the consent of parties, with an agreement that such
judgment should be rendered for the one party or the other,
as this court should order, or a new trial be had, if the court
should so direct, the questions are submitted to us as upon
an agreed case, and we shall proceed so to consider them.

   The plaintiff, by his writ of replevin, has obtained pos-
session of the property in controversy.    The sheriff, by the
terms of the precept, was commanded to deliver the same
to him, upon giving bonds, &c., and all the plaintiff now
claims, or is entitled to have, provided he maintains his
action, is damages for the detention.    He asks for nominal
damages only.    The defendant, on the other hand, demands
the value of the property; and this he is entitled to receive,
provided he shows a right to the property.    *Kendall* v. *Fitts*,
2 Foster's Rep. 1; *Bell* v. *Bartlett*, 7 N. H. Rep. 178;
2 Saund. on Pld. and Ev. 760; 1 Chitty's Pld. 148.

   Which, then, has the better right?    The plaintiff claims
that, having a *bona fide* mortgage upon the property, found-
ed upon two promissory notes, which were proved to have
been given for a good and valid consideration, which has
not been discharged, the better title is in him; while the de-
fendant's right to the property is based upon an attachment
made by him, as deputy sheriff, by virtue of a writ founded
upon a valid claim against Clendenin, the mortgager.    The
validity of the mortgage being undisputed, and it having been
executed and recorded prior to the attachment, the plaintiff
must hold the property, unless he has lost his right to the
same by the proceedings had under the statute, subsequent
to and connected with the attachment.

By the provisions of section 15, chapter 184 of the Revised Statutes, personal property not exempt from attachment, subject to any mortgage, pledge or lien, may be attached as the property of a mortgager, pledger or general owner, the attaching creditor or officer paying or tendering to the mortgagee, pledgee or holder the amount for which said property is holden, as ascertained in the mode provided in the next section, which is as follows:

" § 16.    Such creditor or officer may demand of the mortgagee, pledgee or holder, an account, on oath, of the amount due upon the debt or demand secured by such mortgage, pledge or lien, and the officer may retain such property in his custody until the same is given, without tender or payment; and if such account shall not be given within fifteen days after such demand, or if a false account is given, such property may be holden discharged from such mortgage, pledge or lien."

Now the defendant contends that, having made the attachment, a legal demand for an account of the amount due upon the mortgage held by the plaintiff, was duly made upon him, under the provisions of this section of the statute; that no account has been rendered, or if any, a false account; and that consequently the property has become discharged from the mortgage.    To show this, he offered his own return made upon the writ of attachment, and also produced a paper, proved to have been sworn to by the plaintiff, which purported to contain the amount due upon the mortgage, and to have a copy of the same annexed thereto.    The amount stated to be due was $1200, but there was no copy of the mortgage annexed, as set forth in the paper.    Was this evidence competent to show a legal demand, and a refusal or neglect to render an account of the amount due?

Whether the demand stated in the return was verbal or in writing, does not appear; and whether it was sufficiently specific, we do not propose to consider.    We held, in the case of *Farr* v. *Dudley*, 1 Foster's Rep. 372, where real es-

tate mortgaged had been attached, that the demand should be for the amount due at the time of making the demand; and we stated in that decision, that the attaching creditor should be held to comply strictly with all the substantial requisitions of the statute. We think the same suggestions may be made with reference to this statute, and that a strict compliance therewith devolves upon the attaching creditor, if he would avail himself of its provisions. But without considering this point further, we are of opinion that the return of the defendant that he had made a demand, was not competent to prove the fact of a legal demand having been made. The force and effect that shall be given to an officer's return has been several times considered by the courts of this State, and the subject has been fully and ably discussed in repeated cases. *Brown* v. *Davis,* 9 N. H. Rep. 76; *Angier* v. *Ash,* 6 Foster's Rep. 99; *Lewis* v. *Blair,* 1 N. H. Rep. 69. By these authorities the principles established are, that, as between the parties to a suit and those claiming under them as privies, and all others whose rights and liabilities are dependent upon the suit, as bail and indorsers, the return of the sheriff, of matters material to be returned, is so far conclusive evidence, that it cannot be contradicted for the purpose of invalidating the sheriff's proceedings, or defeating any right acquired under them. But, that such evidence is not conclusive as to third persons, whose interests are not connected with the suit, but whose interests may be affected by the proceedings of the sheriff, nor as to collateral facts, or matters not necessary to be returned.

In *Angier* v. *Ash, Bell,* Justice, says: " But, to make any matter stated in a sheriff's return evidence, either *prima facie* or conclusive, it is essential that the matter returned should be material and proper to be returned. Any other thing introduced into such return, either from ignorance or with a view to make the officer's statements evidence for

himself or others, is entitled to no credit, and is entirely inadmissible."

In *Lewis* v. *Blair, Richardson,* Chief Justice, says: " There is another limitation to the application of the rule that the sheriff's return cannot be traversed. The return of any collateral fact, not necessary to be returned in order to render his proceedings valid, may be traversed." And in *Brown* v. *Davis, Parker,* Chief Justice, lays down the rule generally in the terms in which we have stated it.

The doctrine of these authorities has been repeatedly recognized and practiced upon in other cases in this State. *Parker* v. *Guillow,* 10 N. H. Rep. 103; *Galusha* v. *Cobleigh,* 13 N. H. Rep. 79; *Buckminster* v. *Applebee,* 8 N. H. Rep. 546; *Howard* v. *Daniels,* 2 N. H. Rep. 140. And such is also believed to be the English doctrine, and also that which prevails generally in this country. *Rex* v. *Elkins,* 4 Burr. 2129; 2 Saund. Rep. 344, note 2; Com. Dig. Retorn, G.; *Barr* v. *Satchwell,* 2 Strange 813; *Flud* v. *Pennington,* Cro. Eliz. 872; *Slayton* v. *Chester,* 4 Mass. Rep. 478; *Bott* v. *Burnell,* 11 Mass. Rep. 165; *Arnold* v. *Tourtellot,* 13 Pick. 172; *Stinson* v. *Snow,* 1 Fairfield 263; *Agry* v. *Betts,* 3 Fairfield 417; *Hathaway* v. *Goodrich,* 5 Vt. Rep. 65; *Staunton* v. *Hodges,* 6 Vt. Rep. 66; *Watson* v. *Watson,* 6 Conn. Rep. 334; *Williams* v. *Merle,* 11 Wend. 80.

Where the officer is sued for a false return, the rule cannot of course apply, because the question to be settled by the suit is whether the return is true or false; and to make the return conclusive evidence of the facts stated in such a case would be to preclude all inquiry into it. But in other actions the rule is very general, and full force is given to the return, when it contains matters proper and necessary to be returned.

The essential point in this case, then, is, was the statement in this return by the defendant that he had made a demand upon the plaintiff for an account of the amount due on the mortgage, and that no account was given him,

matter necessary for him to return? Was he required by law, and was it his duty to make this return? Can he use it as evidence for himself? We think these questions must all be answered in the negative. The statute, indeed, pro- . vides that the creditor or officer may make the demand; but it does not require the officer to do it, any more than it does the creditor. It is no where made a necessary part of his duty to make the demand, and he is answerable to no one in his official capacity if he does not do it. The provision of the statute that the officer may make the demand, it appears to us, was inserted for the convenience of the creditor, for whom it may oftentimes be inconvenient to make the demand; and not with a view to impose the duty upon the sheriff as an official act, which he is bound to do, and in regard to which he is answerable in his official character. The law specifies him as an agent for the creditor, and as one whom it will recognize as a proper person to do the duty; but it does not require him to do it. It was not then, necessarily, a part of the defendant's duty to make the demand, and consequently not obligatory on him to make the return; and before an officer can make his return evidence for himself, it must be his legal duty to make the return on the writ.

Laying the return out of the case, the only evidence of a demand and neglect to give an account of the amount due, is to be found in the paper produced by the defendant, proved to have been sworn to by the plaintiff. How this paper came into the possession of the defendant does not appear; but it was probably given him by the plaintiff. Assuming that it was, and what does it show? Certainly not that any legal demand had been made for an account. There is in it no reference to any demand. For some reason, the defendant has the paper, and we might proceed to conjecture the cause, but it would be only conjecture; there is no evidence of the cause, and the paper stands alone. Had there been a legal demand shown, it would then become a

question of some moment whether the paper could be held to be a sufficient compliance with the demand ; and whether the account rendered was true or not. But as it is, those questions do not arise ; nor can they properly, until the defendant shows that a legal demand was made upon the plaintiff for an account. That such a demand was made, there is no competent evidence in the case to prove ; and the defendant fails to show any right to hold the property as against the plaintiff. Consequently the plaintiff, having the possession of the property, should have judgment for nominal damages for the caption and detention.

The defendant, in his argument, claims costs for error in some of the plaintiff's pleadings ; but no question of costs has been transferred to this court; and ordinarily such a question would not be sent here for decision. The costs arising upon interlocutory questions are usually within the discretion of the court below, and for their determination.

As before stated, we treat this case as an agreed statement of facts, and upon it we think there is no doubt that the plaintiff should have judgment for nominal damages.